IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRANDON LEE WALKER,

    Plaintiff,

v.

COLETTE PETERS, Director, *et al.*,

    Defendants.

Case No. 2:17-cv-01373-MK
**ORDER**

AIKEN, District Judge:

Magistrate Judge Mustafa Kasubhai filed his Findings and Recommendation ("F&R") (doc. 60) recommending that (i) Defendants' Motion for Summary Judgment (doc. 33) be granted and (ii) Plaintiff's Motion for Preliminary Injunction (doc. 58) be denied. Plaintiff then timely filed objections to the F&R (doc. 65). The matter is now before me. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). When either party objects to any portion of a magistrate judge's F&R, the district court must make a de novo determination of that portion of the magistrate judge's report. *See* 28 U.S.C. §

636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines, Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981), cert denied, 455 U.S. 920 (1982).

Based on my review of the F&R and the documents in the case, I find no error in Judge Kasubhai's F&R and Plaintiff's objections do not undermine Judge Kasubhai's analysis. However, while Defendants had also moved for summary judgement on Plaintiffs' state law negligence claim, Judge Kasubhai failed to directly address that issue in his F&R so I will address it here.

Plaintiff's negligence claim is dismissed because Plaintiff's constitutional claim has been dismissed. This Court's jurisdiction over Plaintiff's case was based on the existence of a federal question in the form of Plaintiff's Eighth Amendment claim. Judge Kasubhai recommended that Plaintiff's constitutional claim be dismissed and upon review of his F&R I agree. Federal Civil Procedure Rule 12(h)(3) provides that "[i]f the court determines at anytime that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick,* 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction"). And district courts "generally should decline to exercise supplemental jurisdiction over state-law claims after the federal claims have been dismissed before trial." *Schultz v. Sundberg,* 759 F.2d 714, 718 (9th Cir. 1985); *see also Acri v. Varian Assocs., Inc.,* 114 F.3d 999, 1000 (9th Cir. 1997). Thus, I adopt the F&R (doc. 60) in its entirety and further dismiss Plaintiffs' negligence claim for lack of subject matter jurisdiction. Accordingly, (i)

Defendants' Motion for Summary Judgment (doc. 33) is GRANTED and (ii) Plaintiff's Motion for Preliminary Injunction (doc. 58) is DENIED.

IT IS SO ORDERED.

Dated this 9th day of May, 2019.

_____
Ann Aiken
United States District Judge